United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 22, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-33992** |
| **THEODORE JOHNSON, JR.,** | § | |
| | § | **CHAPTER 13** |
| Debtor. | § | |
| | § | |
| **THEODORE JOHNSON, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 25-3069** |
| | § | |
| **UDOH DAVID UBAK-OFFIONG,** | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION DETERMINING VALIDITY, PRIORITY, OR EXTENT OF LIEN OR OTHER INTEREST IN PROPERTY

### INTRODUCTION

This case illustrates the unfortunate consequences of a lender failing to enforce their rights against a borrower in a timely manner. After failing to bring an action for default prior to the expiration of the statute of limitations period, the Defendant-lender filed a proof of claim based on a loan securing his lien on the now borrower-Debtor's Property. Because the statute of limitations has expired for bringing an action for default on the debt secured by the Defendant's lien, the lien is unenforceable and therefore extinguished under applicable Texas law. This court has already entered an Order Disallowing the Defendant's proof of claim. The Defendant's lien is therefore extinguished, and he is not entitled to any recovery from the bankruptcy estate. The Court finds

no joy in this result, but it is dictated by law and the facts in this case. A separate judgment will be entered.

**BACKGROUND**

On July 18, 2003, Plaintiff Theodore Johnson, Jr. (hereinafter the "Debtor") signed a Second Lien Deed of Trust (hereinafter the "Deed of Trust"), granting Defendant Udoh David Ubak-Offiong (hereinafter "Mr. Ubak-Offiong") a security interest in a parcel of real property located at the address "commonly known as 16122 Olive Glen Dr., Houston Texas 77082" (hereinafter the "Property").[1]  The Deed of Trust was recorded on August 4, 2003 in the real property division of the County Clerk of Harris County's office, recording a secured loan in the amount of $19,700.[2]  The loan was for a fifteen-year term, with a maturity date of July 1, 2018.[3]  In the years following recording, the Debtor allegedly made two payments totaling $382.24 but otherwise failed to pay on or pay off the loan.[4]  During that time period Mr. Ubak-Offiong never accelerated the loan.

On July 1, 2018, the loan for the Deed of Trust matured.  This date came and went, and at no point thereafter did Mr. Ubak-Offiong bring a claim for default against the Debtor.

On August 29, 2024, the Debtor filed a voluntary petition for chapter 13 bankruptcy.[5]

On October 14, 2024, the Debtor filed Schedule A/B, claiming a homestead exemption on the Property.[6]

---

[1] ECF No. 1 at 2.  The Property is described in the Deed of Trust as "lot thirty-six (36), in block fifteen (15) of Wingate section (2), an addition of Harris County, Texas, according to the map of Plat thereof recording in volume 293, page 120 of the map records of Harris County, Texas."

[2] ECF No. 1 at 3.

[3] Case No. 24-33992, ECF No. 38-2 at 1.

[4] Case No. 24-33992, ECF No. 38-1 at 5.

[5] Case No. 24-33992, ECF No. 1 at 1.

[6] Case No. 24-33992, ECF No. 24 at 1.

On October 24, 2024, Mr. Ubak-Offiong filed a proof of claim based on the Deed of Trust and his security interest in the Property.[7]

On November 11, 2024, the Debtor filed an Objection to Mr. Ubak-Offiong's proof of claim, arguing "the documentation attached to [Mr. Ubak-Offiong's] proof of claim [was] insufficient to support the alleged debt [] secured on [the] Debtor's homestead," based on the failure of Mr. Ubak-Offiong to attach a promissory note or deed of trust with the proof of claim.[8]  The Objection also argued "the documentation attached to [Mr. Ubak-Offiong's] proof of claim [was] insufficient to support the alleged amount of debt" based on the failure of Mr. Ubak-Offiong to attach a promissory note supporting "the amount of original debt, interest rate, duration of the loan, and amount of periodic payment."[9] The Objection also argued "the alleged loan [was] barred by [the] statute of limitations."[10]

On December 17, 2024, Mr. Ubak-Offiong filed a Response to the Debtor's Objection, refuting the Debtor's arguments that documentation was insufficient to support the alleged debt's existence and amount.[11] In that response, Mr. Ubak-Offiong attached a warranty deed with vendor lien—signed by Mr. Ubak-Offiong and notarized on July 18, 2003—stating that the Deed of Trust lien was recorded in the real property division of the County Clerk of Harris County's office.[12] On the same day, Mr. Ubak-Offiong filed a Proposed Order requesting that he "be maintained as a secured creditor" in the Debtor's bankruptcy case and that the Deed of Trust "be certified as payable and collectible."[13]

On December 18, 2024, this Court filed an Order Disallowing Mr. Ubak-Offiong's proof of claim.[14]  On January 22, 2025, after a hearing

---

[7] Case No. 24-33992, ECF No. 38-1 at 1–2.
[8] Case No. 24-33992, ECF No. 27 at 2.
[9] Case No. 24-33992, ECF No. 27 at 2.
[10] Case No. 24-33992, ECF No. 27 at 2.
[11] Case No. 24-33992, ECF No. 41 at 1.
[12] Case No. 24-33992, ECF No. 41 at 2–3.
[13] Case No. 24-33992, ECF No. 42 at 1.
[14] Case No. 24-33992, ECF No. 39 at 1.

on the matter, the Order Disallowing Mr. Ubak-Offiong's claim was vacated, and a hearing was scheduled for argument on whether Mr. Ubak-Offiong's claim should be allowed or disallowed based on the expiration of the limitations period.[15]

On February 19, 2025, after Mr. Ubak-Offiong failed to appear at the claim objection hearing, this Court entered a 14-day Order whereby Mr. Ubak-Offiong's claim was to be disallowed unless he contacted the Court's Case Manager no later than 14 days after entry of the Order to schedule a hearing on the claim objection.[16]

On March 5, 2025, after Mr. Ubak-Offiong failed to contact the Court's Case Manager, this Court entered another Order Disallowing Mr. Ubak-Offiong's proof of claim.[17]

On March 6, 2025, pursuant to Bankruptcy Rule 7001(b), the Debtor filed this adversary proceeding to determine the validity, priority and extent of Mr. Ubak-Offiong's lien on the Property.[18]  The Debtor's complaint reiterated its Objection to Mr. Ubak-Offiong's proof of claim, that the claim was barred by the expiration of the limitations period, and that Mr. Ubak-Offiong failed to provide evidence of the existence and terms of the loan.[19]

On April 8, 2025, Mr. Ubak-Offiong filed an Answer to the Debtor's Complaint claiming that he "has a lien on the [Property]."[20]  Mr. Ubak-Offiong also claimed the Debtor's claimed homestead exemption runs "contrary to the registration with the city of Houston, Harris [C]ounty Appraisal District," supported by the allegation that the Debtor "resides at 17117 Westheimer Rd, Unit 59, Houston, TX 77082-1259."[21]  Mr.

---

[15] Case No. 24-33992, ECF No. 47, 48.
[16] Case No. 24-33992, ECF No. 58 at 1.
[17] Case No. 24-33992, ECF No. 65 at 1.
[18] Case No. 24-33992, ECF No. 66 at 1.
[19] Case No. 24-33992, ECF No. 66 at 4.
[20] ECF No. 8 at 1.
[21] ECF No. 8 at 1.

Ubak-Offiong also claimed that the Deed of Trust "is not invalid," but rather "is valid."[22]

On August 25, 2025, this Court held a hearing to take testimony and listen to argument on the validity of Mr. Ubak-Offiong's lien.[23]  On direct examination, Mr. Ubak-Offiong questioned the Debtor about the existence of a lien on the Property based on the Deed of Trust.  The Debtor confirmed the existence of the lien.  Mr. Ubak-Offiong then questioned the Debtor on the existence of a loan securing the lien on the Property.  The Debtor responded that no loan existed and that Mr. Ubak-Offiong could not prove that a loan existed because Mr. Ubak-Offiong lacked documentation in the form of a signed promissory note. After the hearing this Court took the matter under advisement in order to issue this ruling on the validity, priority and extent of Mr. Ubak-Offiong's lien on the Property.

## JURISDICTION

28 U.S.C. § 1334(a) provides the District Courts with jurisdiction over this proceeding.  28 U.S.C. § 157(b)(1) states that "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012).  This Court has jurisdiction in this proceeding as it is a core proceeding which the Court can consider under 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B) and 157(b)(2)(K).  The Court has constitutional authority to enter final orders and judgments.  *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011).  And venue is proper under 28 U.S.C. §§ 1408 and 1409.

## LEGAL STANDARD

---

[22] ECF No. 8 at 1.
[23] ECF No. 17.

11 U.S.C. § 502(a) provides "a claim or interest proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest…objects."[24]  11 U.S.C. § 502(b) provides that "if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—(1) such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 506(d) provides that "to the extent that a lien secures a claim against a debtor that is not an allowed secured claim, such lien is void."

TEX. CIV. PRAC. & REM. § 16.035(a) provides that "a person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues."  Section 16.035(d) provides that "on the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void."  Section 16.035(g)(2) defines a "real property lien" as "a vendor's lien, a mortgage, a deed of trust, a voluntary mechanic's lien, or a voluntary materialman's lien on real estate" which "secur[es] a note or other written obligation."  Section 15.100 provides that "an examiner may presume that a lien on real property is extinguished upon establishing that the secured debt (1) has been paid or (2) has become unenforceable upon expiration of the applicable limitations period."

## DISCUSSION

Regarding whether Mr. Ubak-Offiong has a valid lien based on the expiration of the statute of limitations, Texas State law is clear that Mr. Ubak-Offiong had a four-year period after the Deed of Trust note

---

[24] A creditor who wishes to receive distributions from the estate of the debtor in a chapter 13 bankruptcy may file a proof of claim.  11 U.S.C. § 502(a).  Generally, a proof of claim is deemed allowed unless a party in interest objects.  *Id.*

matured to bring a claim against the Debtor for default.[25]   The limitations period had two possible times to begin running: i) the maturity date of the loan, or ii) the date of acceleration of the loan.[26] While the Deed of Trust contained an acceleration clause, the record does not indicate that Mr. Ubak-Offiong ever chose to accelerate the loan after the Debtor stopped making payments.[27]   Thus, the limitations period began running on the maturity date, which was July 1, 2018.

Mr. Ubak-Offiong failed to bring an action for default at any point during the four-year limitations period.   Once the limitations period passed, Mr. Ubak-Offiong's claim based on the Deed of Trust lien became unenforceable.   Regardless of the existence and amount of any debt secured by the Deed of Trust, after the expiration of the limitations period Mr. Ubak-Offiong's lien was extinguished.[28]   Therefore, this Court finds that any lien Mr. Ubak-Offiong may have had on the Property was removed.   Accordingly, it was appropriate for this Court to have entered the Order Disallowing Mr. Ubak-Offiong's claim.[29]

---

[25] TEX. CIV. PRAC. & REM. § 16.035(a).  "After default, a secured party may reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure."  BUS. & COM. § 9.601(a)(1).  Mr. Ubak-Offiong, both on the record at the August 25 hearing, as well as in his Answer to the Debtor's Complaint raised the issue of whether the Debtor was entitled to claim the Property as a homestead exemption.  *See* ECF No. 8 at 1.  This Court finds that the issue of whether it was appropriate to exempt the Property as the Debtor's homestead need not be resolved.  As explained below, Mr. Ubak-Offiong's lien is unenforceable regardless of whether the Property could be claimed as the Debtor's homestead.  *See infra* notes 25–33.  Therefore, the result of the homestead issue is moot.  Had the lien not been unenforceable, the homestead exemption issue might have been relevant to determining any allowed claim Mr. Ubak-Offiong may have held.  *See* 11 U.S.C. §§ 506(d), 522(f).

[26] TEX. CIV. PRAC. & REM. § 16.035(a).

[27] Case No. 24-33992, ECF No. 38-2 at 11.

[28] TEX. CIV. PRAC. & REM § 15.100.

[29] Case No. 24-33992, ECF No. 61 at 1.  Moreover, because Mr. Ubak-Offiong's lien is unenforceable as a substantive matter due to the expiration of the limitations period, any lien which secured his claim against the Debtor would have been voided for the purposes of this bankruptcy proceeding regardless of the statute of limitations issue. 11 U.S.C. § 506(d); *Shoemake v. SN Servicing Corp.*, 586 B.R. 741, 744 (M.D. Tenn. 2018) (citing *In re Hamlett*, 322 F.3d 342, 348 (4th Cir. 2003)).  "Section 506(d)

The Debtor should seek to obtain a written release of the lien on the Property from Mr. Ubak-Offiong.[30]  Such release must be filed in the real property division of the County Clerk of Harris County's office to give notice of the lien's removal to third parties dealing with the property.[31]

The issue of whether Mr. Ubak-Offiong's unproduced promissory note affects the validity of his lien need not be resolved, as his lien is unenforceable and extinguished based on the expiration of the limitations period.[32]

## CONCLUSION[33]

For the reasons described above, in ruling on the adversary proceeding to determine the validity, priority, and extent of the lien held by Mr. Ubak-Offiong on the Property, this court finds that such lien is unenforceable under Texas State law and extinguished.  Therefore, any

---

empowers the bankruptcy court to void liens supporting disallowed claims only if it concludes those liens to be invalid in substance." *Shoemake*, 586 B.R. at 744.

[30] *See* Comments to TEX. CIV. PRAC. & REM § 15.100.  To be clear, this opinion is not interpreting Texas State law as to impose the legal obligation to sign a written release of a lien upon the expiration of the limitations period.  The court in *Knox v. Farmers' State Bank of Merkel* held that where a lien ceases to exist upon payment of the underlying debt, a legal duty rests upon the lienholder to release the lien.  7 S.W.2d 918, 920 (Tex. Civ. App. 1928).  Such legal duty, however, merely arises out of the contractual duties between the parties.  *Id.*  In the instant case, the Deed of Trust produced by Mr. Ubak-Offiong contains a release provision providing that "upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower.  Borrower shall pay any recordation costs."  Case No. 24-33992, ECF No. 38-2 at 8.  To be sure, upon the satisfaction of any debt that may have existed under the Deed of Trust, Mr. Ubak-Offiong would then have been under the contractual obligation to sign a written release of his lien on the Property.  *Knox*, 7 S.W.2d at 920.  However, this Court does not impose such an obligation on him now but rather holds that Mr. Ubak-Offiong's lien is extinguished and without legal effect against the Debtor.  The Debtor should seek to obtain a written release from Mr. Ubak-Offiong and file such release in the County Clerk of Harris County's office in order to put any third parties on notice of the removal of the lien.

[31] *See* Comments to TEX. CIV. PRAC. & REM § 15.100.

[32] *See supra* notes 25–33.

[33] This opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedures.

claim based on such lien is unenforceable and void in this bankruptcy proceeding.

A separate judgment will be entered.


SIGNED 09/21/2025


Alfredo R Pérez
United States Bankruptcy Judge